**Vincent WARREN, Plaintiff–Appellant,**

v.

**Robert ALTIERI, Det., Shield # 4704, Robert Depaulis, Det., NYPD, 47th Police Department, Defendants–Appellees.**

Docket No. 02–69.

United States Court of Appeals, Second Circuit.

March 13, 2003.

Vincent Warren, Stormville, NY, for Appellant, pro se.

Alan Beckoff, Assistant Corporation Counsel (Michael A. Cardozo, Corporation Counsel for the City of New York, on the brief), New York, NY, for Appellee.

Present: WALKER, Jr., Chief Judge, Hon. DENNIS JACOBS, and CALABRESI, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED.**

Plaintiff-appellant Vincent Warren appeals from the March 7, 2002, judgment

granting defendant-appellees' motion to dismiss Warren's complaint, filed pursuant to 42 U.S.C. § 1983, as time-barred. Warren's complaint alleged that on February 28, 1998, appellees Depaulis and Altieri, two New York City Detectives, verbally and sexually assaulted him while transporting him from Lackawanna County Jail in Pennsylvania to the Bronx, N.Y., to face charges in connection with an outstanding warrant. The district court held that Warren's complaint, which was filed on March 1, 2001, exactly three years and one day after the alleged assault occurred, was time-barred under the applicable statute of limitations.

We review *de novo* the dismissal of a complaint under Fed.R.Civ.P. 12(b)(6), taking as true the material facts alleged in the complaint and drawing all reasonable inferences in favor of the plaintiff. *See Bernheim v. Litt*, 79 F.3d 318, 321 (2d Cir.1996). As noted by the district court, Warren's § 1983 action is governed by New York's three-year statute of limitations as set out in N.Y. C.P.L.R. § 214, the provision applicable to actions for personal injury. *See Connolly v. McCall*, 254 F.3d 36, 40–41 (2d Cir.2001); *see also Owens v. Okure*, 488 U.S. 235, 240–41, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989).

"While state law supplies the statute of limitations for claims under § 1983, federal law determines when a federal claim accrues. The claim accrues when the plaintiff knows or has reason to know of the harm." *Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir.1994) (internal quotation marks and citation omitted). Here there can be no question that Warren would know or have reason to know of the alleged assault on the day it happened, February 28, 1998. Relying on *Covington v. City of New York*, 171 F.3d 117 (2d Cir.1999), Warren argues that his claim did not accrue until the criminal charges against him were dismissed. *Covington*, however, involved a claim for false arrest, which was held not to accrue so long has the criminal charges remained pending because success on the § 1983 claim would necessarily call into question the validity of the charges. *See id.* at 122, 124. Here, however, plaintiff's allegations of assault are unrelated to the criminal charges underlying the warrant that prompted his arrest. Accordingly, *Covington* is inapplicable. We also reject Warren's argument that he was subjected to a continuing violation because, as was found by the district court, the incidents comprising the alleged continuing violation occurred too far apart—February 1998, December 1998, and March 1999—and were insufficiently related to constitute a continuing wrong. *See Fitzgerald v. Henderson*, 251 F.3d 345, 359, 362 (2d Cir.2001), *cert. denied sub nom. Potter v. Fitzgerald*, 536 U.S. 922, 122 S.Ct. 2586, 153 L.Ed.2d 776 (2002); *see also Pinaud v. County of Suffolk*, 52 F.3d 1139, 1156–57 (2d Cir.1995).

The only basis upon which Warren's complaint could be found timely, therefore, is if he were entitled to have the statute of limitations tolled, an issue governed by New York's tolling rules. *See Bd. of Regents v. Tomanio*, 446 U.S. 478, 483–86, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980); *Connolly*, 254 F.3d at 41. A plaintiff seeking equitable tolling of a limitations period must demonstrate that the defendants engaged in a fraud that precluded him from discovering the harms he suffered or the information he needed to file a complaint. *See Paige v. Police Dep't of Schenectady*, 264 F.3d 197, 200 (2d Cir.2001). Warren has alleged no such fraud on the part of defendants. Because there is no apparent or alleged basis to equitably toll the limitations period, Warren's complaint is time-barred.

Accordingly, for substantially the reasons stated in the district court's Opinion

and Order dated March 1, 2002, the judgment of the district court is hereby **AFFIRMED**.